UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CESAR A. CAMARILLO,

                Petitioner,                   Case No. 1:26-cv-835

v.                                     Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.31.) In an order entered on March 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on March 20, 2026, (ECF No. 4), and Petitioner filed his reply on March 22, 2026, (ECF No. 5).

**II.    Factual Background**

Petitioner is a native and citizen of Venezuela and a resident of Detroit. (Pet., ECF No. 1, PageID.9; Notice to Appear (NTA), ECF No. 4-1, PageID.86.) On or about November 23, 2023, Petitioner entered the United States near Eagle Pass, Texas, without inspection. (NTA, ECF No. 4-1, PageID.86.) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered Petitioner, and at that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (2023 Form I-213, ECF No. 4-2, PageID.91; NTA, ECF No. 4-1, PageID.86.) After inspection by DHS, Petitioner was released into the United States on his own recognizance. (2023 Form I-213, ECF No. 4-2, PageID.91.)

On December 7, 2025, Petitioner was arrested and detained by ICE while driving away from a Walmart in Dearborn, Michigan. (Pet., ECF No. 1, PageID.9; 2025 Form I-213, ECF No. 4-3, PageID.95.) ICE was conducting surveillance at the Walmart because it is "known to be frequented by aliens without status to remain in the United States." (2025 Form I-213, ECF No. 4-3, PageID.95.) On February 27, 2026, Petitioner had a bond hearing before the Detroit Immigration Court where the Immigration Judge denied bond because

> An Immigration Judge can properly deny bond based on flight risk where the [Petitioner] recently arrived in the United States, has limited or no family or community ties to the country, no employment, no prior immigration status, and no probable path to obtaining lawful status, despite a pending asylum application and purported support from friends. [Petitioner]'s likelihood of success in being granted asylum or protection is a factor to be considered by this Court. The court finds that [Petitioner] is a flight risk and therefore declines to change his custody status.

(Order of the Immigration Judge, ECF No. 4-5, PageID.100.) Petitioner had a hearing scheduled for March 24, 2026, before the Detroit Immigration Court.[1] (Notice of Internet-Based Hearing, ECF No. 4-6, PageID.103.)

### III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondents argue that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-

---

[1] The parties do not provide any information about the March 24, 2026 hearing because the response and reply were filed before that date.

1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

## V.    Discussion

In Petitioner's § 2241 petition, he contends that Respondents are subjecting him to mandatory detention under 8 U.S.C. § 1225, and he seeks relief on this basis. (*See, e.g.*, Pet., ECF No. 1, PageID.2.)

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[2]

"[P]rocedural due process entitles aliens detained under 8 U.S.C. § 1226(a), pending completion of their removal proceedings, to a bond hearing before an immigration judge to determine whether their ongoing detention is justified." *Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir. 2011) (citation omitted). Prior to initiating this action, Petitioner had a § 1226 bond

---

[2] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit, and *Avila v. Bondi*, No. 25-3248, --- F.4th ----, 2026 WL 819258 (8th Cir. Mar. 25, 2026), which was recently issued by the United States Court of Appeals for the Eighth Circuit. At this time, these non-binding cases do not change the Court's analysis.

hearing in the Detroit Immigration Court, which resulted in the Immigration Judge issuing a written decision denying Petitioner's request for bond on February 27, 2026. (*See* Order of the Immigration Judge, ECF No. 4-5, PageID.100.) Although in the present § 2241 petition, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the February 2026 bond hearing. (*See generally* Pet., ECF No. 1.) Indeed, Petitioner's § 2241 petition and reply do not mention the bond hearing and instead purport that Petitioner has not received a bond hearing. (*See id*.; Reply, ECF No. 5, PageID.113–114.)

Accordingly, because Petitioner's detention is governed by § 1226, and because Petitioner received a § 1226 bond hearing and Petitioner does not raise any claims regarding the bond hearing itself in the present action, the Court will dismiss the action without prejudice.[3]

### Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      April 3, 2026                         /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge

---

[3] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the February 2026 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.